| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| MICHAEL GENE PUTNAM | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2019 -CP- 23 - 03584 |
| vs. | ) | |
| WAKE CHRISTIAN ACADEMY, ET AL | ) | |
| Defendant(s) | ) | |

Submitted By: MICHAEL GENE PUTNAM
Address: 101 REEDY VIEW DRIVE #263
GREENVILLE, SOUTH CAROLINA 29601-1856

SC Bar #: PRO SE - PLAINTIFF
Telephone #: 864-420-9624
Fax #: 864-236-1625
Other:
E-mail: MPUTNAM2006@GMAIL.COM

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] JURY TRIAL demanded in complaint.    [ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[X] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
[ ] Constructions (100)
[ ] Debt Collection (110)
[ ] General (130)
[ ] Breach of Contract (140)
[ ] Fraud/Bad Faith (150)
[ ] Failure to Deliver/Warranty (160)
[ ] Employment Discrim (170)
[ ] Employment (180)
[ ] Other (199)

**Torts - Professional Malpractice**
[ ] Dental Malpractice (200)
[ ] Legal Malpractice (210)
[ ] Medical Malpractice (220)
Previous Notice of Intent Case #
20___-NI-_____
[ ] Notice/File Med Mal (230)
[ ] Other (299)

**Torts – Personal Injury**
[ ] Conversion (310)
[X] Motor Vehicle Accident (320)
[ ] Premises Liability (330)
[ ] Products Liability (340)
[ ] Personal Injury (350)
[ ] Wrongful Death (360)
[ ] Assault/Battery (370)
[X] Slander/Libel (380)
[ ] Other (399)

**Real Property**
[ ] Claim & Delivery (406)
[ ] Condemnation (410)
[ ] Foreclosure (420)
[ ] Mechanic's Lien (430)
[ ] Partition (440)
[ ] Possession (450)
[ ] Building Code Violation (460)
[ ] Other (499)

**Inmate Petitions**
[ ] PCR (500)
[ ] Mandamus (520)
[ ] Habeas Corpus (530)
[ ] Other (599)

**Administrative Law/Relief**
[ ] Reinstate Drv. License (800)
[ ] Judicial Review (810)
[X] Relief (820)
[ ] Permanent Injunction (830)
[ ] Forfeiture-Petition (840)
[ ] Forfeiture—Consent Order (850)
[ ] Other (899)

**Judgments/Settlements**
[ ] Death Settlement (700)
[ ] Foreign Judgment (710)
[ ] Magistrate's Judgment (720)
[ ] Minor Settlement (730)
[ ] Transcript Judgment (740)
[ ] Lis Pendens (750)
[ ] Transfer of Structured Settlement Payment Rights Application (760)
[ ] Confession of Judgment (770)
[ ] Petition for Workers Compensation Settlement Approval (780)
[ ] Incapacitated Adult Settlement (790)

**Appeals**
[ ] Arbitration (900)
[ ] Magistrate-Civil (910)
[ ] Magistrate-Criminal (920)
[ ] Municipal (930)
[ ] Probate Court (940)
[ ] SCDOT (950)
[ ] Worker's Comp (960)
[ ] Zoning Board (970)
[ ] Public Service Comm. (990)
[ ] Employment Security Comm (991)
[ ] Other (999)

**Special/Complex /Other**
[ ] Environmental (600)
[ ] Automobile Arb. (610)
[ ] Medical (620)
[ ] Other (699)
[ ] Sexual Predator (510)
[ ] Permanent Restraining Order (680)
[ ] Interpleader (690)
[ ] Pharmaceuticals (630)
[ ] Unfair Trade Practices (640)
[ ] Out-of-State Depositions (650)
[ ] Motion to Quash Subpoena in an Out-of-County Action (660)
[ ] Pre-Suit Discovery (670)
[ ] Other (799)

Submitting Party Signature: _Michael S. Putnam_  Date: 6-21-19

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                         Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| ) | |
| ) | |
| MICHAEL GENE PUTNAM ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **SUMMONS** |
| ) | |
| ) | |
| WAKE CHRISTIAN ACADEMY ) | |
| 5500 WAKE ACADEMY DRIVE ) | |
| RALEIGH, NC 27603 ) | |
| ) | |
| -and- ) | C.A NO: 2019-CP-23- 03584 |
| ) | |
| DANA GRAVES CORDELL ) | |
| 2009 MUDDY CREEK COURT ) | |
| RALEIGH, NC 27610 ) | |
| ) | |
| -and- ) | |
| ) | |
| KELLIE ONEAL AUWERECK ) | |
| 117 BELLS WALK COURT ) | |
| HOLLY SPRINGS, NC 27540 ) | |
| ) | **Verified** |
| -and- ) | |
| ) | |
| ROBIN CARY MAPLES ) | |
| 1653 TUNNEL STREET ) | |
| WENDELL, NC 27951 ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVED NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is hereby served upon you, and to serve a copy of your answer to this complaint upon the Plaintiff, at the address shown below, within thirty (30) days after service hereof, exclusive

1

ENTERED COMPUTER

of the day of such service, and if you fail to answer the complaint, judgement by default will be rendered against you for the relief demanded in the complaint.

*[signature]*
Michael Gene Putnam – *Pro se* - Plaintiff
101 Reedy View Drive, Apt. 263
Greenville, SC 29601-1856
Phone: 864-420-9624
Fax: 864-236-1625
Email: mputnam2006@gmail.com

Date: June 21, 2019

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF GREENVILLE )<br>)<br>)<br>)<br> MICHAEL GENE PUTNAM            )<br>)<br>              Plaintiff, )<br>     vs. )<br>)<br>)<br>WAKE CHRISTIAN ACADEMY )<br>5500 WAKE ACADEMY DRIVE )<br>RALEIGH, NC 27603 )<br>)<br>-and- )<br>)<br>DANA LYNN CORDELL )<br>2009 MUDDY CREEK COURT )<br>RALEIGH, NC 27610 )<br>)<br>-and- )<br>)<br>KELLIE ONEAL AUERWECK )<br>117 BELLS WALK COURT )<br>HOLLY SPRINGS, NC 27540 )<br>)<br>-and- )<br>)<br>ROBIN CARY MAPLES )<br>1653 TUNNEL STREET )<br>WENDELL, NC 27951 )<br>)<br>           Defendants. )<br>_____) | IN THE COURT OF COMMON PLEAS<br><br>THIRTEENTH JUDICIAL CIRCUIT<br><br><br><br>COMPLAINT<br><br><br><br><br>C.A NO: 2019-CP-23- 03584<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DEFAMATION

**COMES NOW,** PLAINTIFF MICHAEL GENE PUTNAM, (hereinafter, "PUTNAM") hereby files his original complaint against DEFENDANTS, WAKE CHRISTIAIN ACADEMY (hereinafter "WAKE"); DANA LYNN CORDELL (hereinafter, "CORDELL"); KELLIE

1

ONEAL AUERWECK (hereinafter, "AUERWECK"); and ROBIN CARY MAPLES, (hereinafter "MAPLES") for Defamation for making false damaging statements and other tortuous actions and alleges as follows:

1. **PARTIES**

1. This is an Action for Defamation (Libel Per Se) and damages in excess of $20,000, exclusive of interest, costs, and attorney fees.

2. PLAINTIFF MICHAEL GENE PUTNAM is an individual over the age of 18, a citizen of the United States and a resident of the city of Greenville, Greenville County, South Carolina.

3. DEFENDANT WAKE CHRISTIAN ACADEMY is a Private School operating in Wake County, North Carolina.

4. DEFENDANT DANA LYNN CORDELL is a teacher over the age of 18, who is employed by Wake Christian Academy, and is a resident of Wake County, North Carolina.

5. DEFENDANT KELLIE ONEAL AUERWECK is a teacher over the age of 18, who is employed by Wake Christian Academy, and is a resident of Wake County, North Carolina.

6. DEFENDANT ROBIN CARY MAPLES is an employee of GlaxoSmithKline, over the age of 18, and is a resident of Wake County, North Carolina.

2. **JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to South Carolina Code of Laws, Title 15, Section 7 and other rules pursuant to SCRCP as to acts of torts.

2

8. This Court has personal jurisdiction over the parties, and more particularly, the Defendants pursuant to S.C. Statute 36-2-803, 1(c) "commission of a tortious act in whole or in part in this State"

9. Venue is proper in this circuit under South Carolina Code 15-7-30 because the Plaintiff resides in Greenville, South Carolina and the tortious injuries and damages occurred in Greenville, County of Greenville, South Carolina.

## STATEMENT OF FACTS

10. Since the summer of 2016 when the Plaintiff's child was enrolled in Wake Christian Academy without his involvement and against his strongest desires, the Defendants, individually, and as a group, sought to willfully make false statements, submit false notarized affidavits to a court(s), made untrue and non-factual statements to numerous third parties, including law enforcement agencies and other state agencies. These actions have subjected the Plaintiff to loss of access to his minor child. Further, the intentional interference and alienation of Plaintiff's relationship with his child, public humiliation, intentional defamation of his character, and a public record of a "sex crime investigation"; which upon conclusion of such investigation, was found to be "Totally Unfounded", has created substantial irreparable damage to a well established reputation of high regard in Plaintiff's home community, where he was born and has lived and worked most of his life.

3

## COUNT 1
### (DEFAMATION – LIBEL PER SE AGAINST DANA LYNN CORDELL)

11. Each of the preceding paragraphs 1 through 10 are hereby incorporated herein by reference.

12. Defendant Dana Lynn Cordell resides at 2009 Muddy Creek Court, Raleigh, NC 27610.

13. At all times relevant to this lawsuit, CORDELL has been an employee of WAKE.

14. In a notarized affidavit dated April 4, 2018, CORDELL made numerous false and defamatory statements about Plaintiff causing significant injury and damage to Plaintiff.

15. Example statements from the affidavit include hearsay statements from the Plaintiff's minor child, whose name will not be referenced in this complaint as a matter of protection for the minor child, hereinafter referred to as (CHILD):

   A. CHILD "also mentioned that her father has an alcohol problem."

   B. CHILD "also claims that at times when he calls her on the phone he is at bars."

   C. CHILD "said he stays so late they ask him to leave."

   D. CHILD "said he is depressed because he is unemployed and on workers comp."

   E. CHILD "expressed that he is looking for women on dating websites and is wanting women a lot younger than him"

   F. CORDELL states in the affidavit that "I have had no personal interactions with her father"

16. The false and defamatory statements made by CORDELL were malicious and with intent to destroy the reputation and character of Plaintiff and to separate him from his CHILD.

4

17. The statements made by CORDELL clearly denigrate Plaintiff's reputation and accuse Plaintiff of engaging in conduct and having traits adverse to the role of a parent, and are thus defamatory per se under South Carolina law.

18. As a direct and proximate result of CORDELL's conduct, Plaintiff has suffered and continues to suffer extreme mental anguish and distress. Further, these statements were verbally referenced in a public forum and are now and forever more available for public review and dissemination.

WHEREFORE, Plaintiff request judgement against defendant CORDELL for compensatory and punitive damages, together with any counsel fees now or in the future, costs of suit, and other relief as the court may deem proper.

## COUNT 2
### (DEFAMATION – LIBEL PER SE AGAINST KELLIE ONEAL AUERWECK)

19. Each of the preceding paragraphs 1 through 18 are hereby incorporated herein by reference.

20. Defendant Kellie Oneal Auerweck resides at 117 Bells Walk Court, Holly Springs, NC 27540.

21. At all times relevant to this lawsuit, AUERWECK has been an employee of WAKE.

22. In a notarized affidavit dated April 9, 2018, AUERWECK made numerous false and defamatory statements about Plaintiff causing significant injury and damage to Plaintiff.

23. Example statements from the affidavit include hearsay statements from the Plaintiff's minor child, whose name will not be referenced in this complaint as a matter of protection for the minor child, hereinafter referred to as (CHILD):

5

    G. CHILD "I really don't want to go to dinner with my dad because all he does is drink and I either have to go to a table while he's at the bar or I'm in the lobby."

    H. CHILD "is fearful to stay with him drinking and not feeling safe."

    I. CHILD "has mentioned several times throughout the year that they argue a lot."

    J. AUERWECK states in affidavit as regards to Plaintiff taking a tour of the school that "It's my understanding that he set up a couple of earlier appointments to do so and did not show up."

    K. AUERWECK states in affidavit in referring to a meeting with Plaintiff that "He was pleasant during the meeting although I did notice that his speech was a little slow...." and "I also understand that he has had a stroke and that this may be an effect of that."

    L. AUERWECK states in the affidavit her conclusion "I do worry about her safety when she is in his care"

    M. As to knowing anything about Plaintiff AUERWECK states in affidavit that "I've only been contacted by CHILD's father ... via email twice and I've met him once."

24. The false and defamatory statements made by AUERWECK were malicious and with intent to destroy the reputation and character of Plaintiff and to separate him from his CHILD.

25. The statements made by AUERWECK clearly denigrate Plaintiff's reputation and accuse Plaintiff of engaging in conduct and having traits adverse to the role of a parent, and are thus defamatory per se under South Carolina law.

26. As a direct and proximate result of AUERWECK's conduct, Plaintiff has suffered and continues to suffer extreme mental anguish and distress. Further, these statements were verbally referenced in a public forum and are now and forever more available for public review and dissemination.

WHEREFORE, Plaintiff request judgement against defendant AUERWECK for compensatory and punitive damages, together with any counsel fees now or in the future, costs of suit, and other relief as the court may deem proper.

## COUNT 3
### (DEFAMATION – LIBEL PER SE AGAINST ROBIN CARY MAPLES)

27. Each of the preceding paragraphs 1 through 26 are hereby incorporated herein by reference.

28. Defendant Robin Cary Maples resides at 1653 Tunnel Road, Wendell, NC 27951.

29. At all times relevant to this lawsuit, MAPLES has been step-father of PLAINTIFF's CHILD.

30. Since the very first time of being involved in CHILD's life, MAPLES has engaged in constant and willful action aimed at parental alienation and parental substitution by making false and defamatory statements about Plaintiff in the presence of CHILD.

31. MAPLES has made false allegations and has encouraged CHILD to either exaggerate or make up stories defamatory of the PLAINTIFF, and to pass such on to other adults in an attempt to denigrate PLAINTIFF's reputation and standing as a person of good character in an attempt at parental substitution.

7

32. In the sworn affidavits of co-defendants CORDELL and AUERWECK, both state that much of their information was obtained from MAPLES.

33. MAPLES has blocked communications between Plaintiff and CHILD and denied PLAINTIFF visitation with CHILD even though he has no legal right to do so.

34. The denigration and numerous false and defamatory statements to CHILD's teachers' have further encouraged parental alienation and resulted in false allegations against PLAINTIFF resulting in a Law Enforcement Investigation of PLAINTIFF in Greenville County, South Carolina. Although the false allegations were eventually determined in a Final Report by Law Enforcement and the Department of Social Services (DSS) to be "Totally Unfounded", there is now a public report of such available for anyone to review and to disseminate in any manner information, which, by its very nature, is defamatory and ruinous to PLAINTIFF's reputation and good standing in his home community of Greenville. Further, MAPLES has communicated defamatory and false statements to his wife's father, Robert H. Purkerson, who resides in Greenville, South Carolina. The results of MAPLES defamatory and false statements has directly caused tortuous harm to the PLAINTIFF in the County of Greenville, South Carolina.

35. As a direct and proximate result of MAPLE's conduct, Plaintiff has suffered and continues to suffer extreme mental anguish and distress. Further, the parental alienation and parental substitution actions by MAPLE's have caused substantial damage to PLAINTIFF's relationship with his CHILD, that has cause great loss of enjoyment and will require substantial time and costs associated with therapeutic assistance to heal the intentionally inflicted wounds by MAPLES.

8

WHEREFORE, Plaintiff request judgement against defendant MAPLE's for compensatory and punitive damages, together with any counsel fees now or in the future, costs of suit, and other relief as the court may deem proper.

## COUNT 4
### (DEFAMATION – LIBEL PER SE AGAINST WAKE CHRISTIAN ACADEMY)

36. Each of the preceding paragraphs 1 through 35 are hereby incorporated herein by reference.

37. Defendant WAKE CHRISTIAN ACADEMY is a private school located at 5500 Wake Academy Drive, Raleigh, North Carolina 27603.

38. At all times relevant to this lawsuit, CHILD has been enrolled in WAKE.

39. Defendants CORDELL and AUERWECK are employees of WAKE, and as such, WAKE has responsibility for their actions in their official capacities as teachers for which the care of minor children is entrusted.

40. PLAINTIFF is knowing and believes that Larry Hoxie, Principle, aided and abetted CORDELL and AUERWECK and was knowing that their malicious actions would be defamatory and injurious to Plaintiff. Further, WAKE served as a conduit for such defamatory and denigrative statements as to give them great credibility to unknowing third parties receiving such false and egregious information as to the Plaintiff.

9

41. As a direct and proximate result of WAKE's conduct, Plaintiff has suffered and continues to suffer extreme mental anguish and distress. Further, these statements were verbally referenced in a public forum and are now and forever more available for public review and dissemination.

WHEREFORE, Plaintiff request judgement against defendant WAKE for compensatory and punitive damages, together with any counsel fees now or in the future, costs of suit, and other relief as the court may deem proper.

## COUNT 5
### (CONSPIRACY TO DEFAME - ALL DEFENDANTS)

42. Each of the preceding paragraphs 1 through 41 are hereby incorporated herein by reference.

43. Defendants WAKE CHRISTIAN ACADEMY, DANA LYNN CORDELL, KELLIE ONEAL AUERWECK, AND ROBIN CARY MAPLES conspired and acted in concert with each other, as well as other unnamed individuals to defame Plaintiff by making false and defamatory statements about Plaintiff knowing they would be extremely damaging and injurious to Plaintiff. These statements and actions have been set forth in COUNT 1, COUNT 2, COUNT 3 AND COUNT 4 herein, as well as other defamatory statements.

44. The conspiracy to defame makes all defendants joint and severally liable for any actual or punitive damages, costs or fees which the court may deem proper.

WHEREFORE, Plaintiff request judgement against all defendants for compensatory and punitive damages, together with any counsel fees now or in the future, costs of suit, and other relief as the court may deem proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this Action, and after trial, award Plaintiff the relief and damages sought.

## DEMAND FOR A JURY TRIAL

**PLAINTIFF** demands a trial by jury as to all issues in the above matter.

Dated: 6-21-19

*/s/ Michael S. Putnam/*
Michael Gene Putnam – Plaintiff
101 Reedy View Drive, Apt. 263
Greenville, SC 29601-1856
Phone: 864-420-9624
Fax: 864-236-1625
Email: mputnam2006@gmail.com

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | CIVIL ACTION COVERSHEET |
| MICHAEL GENE PUTNAM | ) | |
| Plaintiff(s) | ) | 2019 -CP- 23 - 03484 |
| vs. | ) | |
| WAKE CHRISTIAN ACADEMY, ET AL | ) | |
| Defendant(s) | ) | |

Submitted By: **MICHAEL GENE PUTNAM**
Address: **101 REEDY VIEW DRIVE #263**
**GREENVILLE, SOUTH CAROLINA 29601-1856**

SC Bar #: **PRO SE - PLAINTIFF**
Telephone #: **864-420-9624**
Fax #: **864-236-1625**
Other:
E-mail: **MPUTNAM2006@GMAIL.COM**

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [X] JURY TRIAL demanded in complaint.
- [ ] NON-JURY TRIAL demanded in complaint.
- [ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [X] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [ ] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20___-NI-___-___ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ Warranty (160) | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
| [ ] Employment Discrim (170) | [ ] Other (299) _____ | [ ] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment (180) | | [X] Slander/Libel (380) | [ ] Other (499) _____ |
| [ ] Other (199) _____ | | [ ] Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
| | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
| | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
| | [ ] Other (899) | [ ] Transfer of Structured Settlement Payment Rights Application (760) | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Public Service Comm. (990) |
| | | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Petition for Workers Compensation Settlement Approval (780) | [ ] Other (999) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | [ ] Incapacitated Adult Settlement (790) | |
| [ ] Other (699) _____ | [ ] Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| [ ] Sexual Predator (510) | [ ] Pre-Suit Discovery (670) | [ ] Other (799) _____ | |
| [ ] Permanent Restraining Order (680) | | | |
| [ ] Interpleader (690) | | | |

Submitting Party Signature: _Michael E Putnam_ Date: **6-21-19**

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                   Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**