IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Gene Putnam, ) | Civil Action No. 6:19-cv-2136-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Wake Christian Academy, Dana Graves ) | |
| Cordell, Kellie O'Neal Auerweck, Robin ) | |
| Cary Maples, and Robert Henry Purkerson, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Michael Gene Putnam ("Plaintiff") originally filed this action on June 21, 2019, in the Court of Common Pleas for Greenville County, South Carolina, against Wake Christian Academy, Dana Graves Cordell, Kellie O'Neal Auerweck (the "School Defendants"), and Robin Cary Maples (collectively, the "Removing Defendants") alleging defamation and conspiracy to defame. *See* (ECF No. 1-1). On July 30, the Removing Defendants filed a timely notice of removal, removing the case to this court on the basis of diversity jurisdiction. (ECF No. 1). On August 26, Plaintiff filed an amended complaint naming Robert H. Purkerson as an additional defendant. (ECF No. 13). This matter is before the court on Plaintiff's motion to remand (ECF No. 19), Removing Defendants' motions to dismiss (ECF Nos. 8, 29, 35), and Defendant Robert H. Purkerson's motion for a more definite statement (ECF No. 36). All defendants are represented by counsel while the Plaintiff proceeds *pro se*. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"),

which recommends that the court deny Plaintiff's motion to remand, grant Removing Defendants' motions to dismiss, and dismiss as moot Defendant Purkerson's motion for a more definite statement. (ECF No. 49 at 14). The parties were advised of their right to file objections to the Report. (ECF No. 49 at 15). Plaintiff timely filed objections to the Report, (ECF No. 53), and each of the Defendants filed a reply to Plaintiff's objections, (ECF Nos. 57, 58, 60). Accordingly, the matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

In addition, the plaintiff is proceeding *pro se*. A pleading filed *pro se* is "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, a district court may not construe the plaintiff's legal arguments for him and is not required to recognize "obscure or

extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). "Only those questions which are squarely presented to a court may properly be addressed." *Id.*

Upon review, the court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. *See* (ECF No. 53). However, liberally construing the objections, Plaintiff asserts the magistrate judge was incorrect in finding complete diversity of citizenship between the parties. In his objections, Plaintiff argues that he has not been able to conduct the discovery necessary to establish his claims against Defendant Purkerson. However, no discovery is needed to defend against a Motion to Dismiss, as such a motion is based solely on the face of the pleadings and whether or not the Plaintiff has stated a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, the court agrees with the magistrate judge's conclusion that Defendant Purkerson was fraudulently joined to defeat diversity. As the magistrate judge noted (ECF No. 49 at 7), Plaintiff's pleadings fail to allege a cause of action against Defendant Purkerson. Accordingly, this objection is without merit. Next, Plaintiff objects to the Report's finding that the amount in controversy was satisfied. (ECF No. 53 at 5). However, Plaintiff fails to set forth any factual basis for his objection and merely repeats conclusory statements that the amount is not met. Therefore, this objection is also without merit.

Finally, Plaintiff objects to the Report's conclusion that the court lacks personal jurisdiction over the Removing Defendants. (ECF No. 53 at 6). However, Plaintiff again fails to provide any basis for the court to exercise personal jurisdiction over the Removing Defendants. Plaintiff merely restates the vague, conclusory assertions made in his Amended Complaint, including that Defendant Maples often travels to South Carolina for reasons unrelated to the claims, and School

Defendants "communicated things" in North Carolina to his daughter which caused "anger management issues" in South Carolina. *Id*. Even assuming Plaintiff's assertions are true, they are insufficient to establish the requisite minimum contacts required to support the existence of specific personal jurisdiction over the Removing Defendants. Accordingly, this objection has no merit.

After a thorough review of the Report and the record in this case, the court adopts the Report (ECF No. 49) and incorporates it herein. Accordingly, the court finds that Defendant Purkerson was fraudulently joined for purposes of defeating diversity jurisdiction and is, therefore, **DISMISSED** as a party to this action. Plaintiff's motion to remand (ECF No. 19) is **DENIED**. Removing Defendants' motions to dismiss (ECF Nos. 8, 29, 35) are **GRANTED**. In light of the foregoing, Defendant Purkerson's motion for a more definite statement (ECF No. 36) is **DENIED as MOOT**.

Further, because Plaintiff has already filed an amended pleading, this court **DECLINES** to grant Plaintiff further leave to amend his complaint. (ECF 53 at 3). *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 6, 2020
Anderson, South Carolina

**Notice of right to Appeal**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, to the extent permitted by applicable law.